NO. 07-02-0337-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 24, 2003

_____

ALAN ROYBAL SEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13712-0004; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**ABATEMENT AND REMAND**

Pursuant to a guilty plea, appellant was convicted of driving while intoxicated and punishment was assessed at five years confinement, suspended. After a hearing on the State's motion to revoke, appellant's community supervision was revoked and punishment was assessed at the original five-year sentence and a $1,000 fine. Appellant perfected this appeal and the clerk's record was filed on September 10, 2002. On November 1, 2002, David Fortenberry filed

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

a request for an extension of time in which to file the reporter's record indicating that he was unable to complete an approximate 50-page record due to his case load and was given until December 2, 2002. The record has yet to be filed and no further request for an extension of time was filed. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.     whether appellant desires to prosecute this appeal, and if so,
2.     why appellant has been deprived of a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant a reporter's record. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, February 21, 2003.

It is so ordered.

Per Curiam

Do not publish.

2